**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James E. PEARSON and Samuel J. Simmons, Defendants-Appellants.**

Nos. 85–1420, 85–1479.

United States Court of Appeals,
Tenth Circuit.

July 29, 1986.

Bert T. Ahlstrom, Jr., Cheyenne, Wyo., for James E. Pearson.

Arthur S. Nieto, Denver, Colo., for Samuel J. Simmons.

David A. Kern, Asst. U.S. Atty. (Richard A. Stacy, U.S. Atty., with him on brief), Cheyenne, Wyo., for United States.

Before BARRETT and MOORE, Circuit Judges, and THEIS,* District Judge.

THEIS, District Judge.

Defendant James E. Pearson was charged by information with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and two counts of distribution of cocaine, in violation of 21 U.S.C. § 841. A jury convicted Pearson of all three counts on December 12, 1984. Defendant Samuel J. Simmons was charged by information with conspiracy to distribute cocaine and two counts of aiding and abetting in the distribution of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841. Simmons was convicted of conspiracy to distribute and of one of the two counts of aiding and abetting.

On appeal, Pearson claims: (1) that there was insufficient evidence to convict him; (2) that the trial court denied him a fair trial by improperly commenting on the witnesses and the evidence; and (3) that the court prejudicially limited his right to cross-examine certain witnesses. Simmons contends: (1) that he was denied effective assistance of counsel; (2) that the verdict was contrary to the evidence; and (3) that the trial court should have instructed on the lesser included offense of simple possession of cocaine.

The following facts were adduced at trial. A friend of Pearson's, Marlene Westling, became a police assistant. She contacted the Casper Police Department and they set up a controlled purchase of cocaine. Westling arranged to buy a gram of cocaine from Pearson on April 24, 1984. Before her meeting with Pearson, Westling went to the police station, was subjected to a body search to ascertain that no controlled substances were on her person, was outfitted with a transmitter and was given one hundred and forty dollars of pre-recorded money to use in the transaction. Westling then met with Pearson at her house. Pearson instructed her to stay at her house while he went to pick up the cocaine. Pearson, followed by two undercover cars, drove to Simmons' residence. Upon Pearson's return to Westling's home, Pearson gave her a gram of cocaine, which she later turned over to the police.

Another controlled purchase was arranged for June 1, 1984. Westling was given two thousand four hundred dollars in pre-recorded currency, a wire was placed in her purse and her car and purse were searched before the meeting. Again Pearson met Westling at her residence. Westling asked if she could accompany Pearson to pick up the cocaine. Pearson replied that she could ride with him but could not go into the house, even though "Sam" knew the drugs were for her. Pearson and Westling drove to Simmons' house. Pearson entered the house, came out twenty minutes later and gave Westling some cocaine. Pearson and Westling returned to Westling's house where Pearson was arrested.

The police officers then arrested Simmons. A search of Simmons' residence recovered a powder weighing scale, a marijuana or cocaine bong (pipe), a hand scale, a razor blade with a white powdery sub-

* Honorable Frank G. Theis, United States District Judge for the District of Kansas, sitting by desig-

nation.

stance on it, a baggie full of "snow seals," and a "snow seal" bindle with "½ U.C." marked on it. The investigating officer testified that "U.C." is a street term for "uncut" used in reference to controlled substances.

Later in the investigation, the police were contacted by a nine year old girl, Anna Schilling, and her mother, Donna Schilling, who said that Anna had watched a man fitting the description of Lynn Worthinc, a person who had come out of Simmons' house immediately before Pearson emerged on April 24, 1984, place some green currency under a car. Both Anna and her mother next saw three girls walk by the car, find the money and run off. Both testified that Pearson and Simmons had visited them at their home several times after the incident looking for the money, and told them the money was marked and that they had to find it or else they would go to prison. None of the marked money was ever recovered.

First, Pearson challenges the sufficiency of the evidence used to convict him. Pearson points to contradictions in the testimony of the police officers with respect to such things as whether Pearson entered Simmons' house or just stood in the doorway, the positioning of Pearson's parked car, and whether guns were drawn at the time of arrest. In addition, Pearson notes discrepancies in Anna Schilling's testimony. Finally, Pearson argues that no one saw an exchange of drugs and money between Pearson and anyone else, that Westling had a motive for perjury, and that the case was proved by circumstantial evidence.

■ When the sufficiency of evidence is questioned, "[t]he established rule is that '[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.'" *United States v. Swingler*, 758 F.2d 477, 499 (10th Cir.1985) (quoting *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942)). While Pearson refers to some minor inconsistencies in the testimony, it is not the function of this Court to reweigh conflict-ing evidence or consider the credibility of witnesses. *United States v. Peterson*, 611 F.2d 1313, 1317 (10th Cir.1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980). Furthermore, a conviction may be founded upon circumstantial evidence. *United States v. Davila*, 693 F.2d 1006, 1007 (10th Cir.1982). In this case, the physical evidence coupled with the testimony of numerous witnesses provides ample foundation to support Pearson's conviction.

■ Next, Pearson claims that the comments of the trial judge denied him a fair trial. As one example of allegedly prejudicial comments by the trial judge, Pearson cites the following colloquy between court and counsel:

THE COURT: What was the question?

MR. KERN: Your Honor, I asked him.

MR. AHLSTROM: Apparently the young lady is not available to testify.

THE COURT: I've asked counsel, what's the question.

MR. KERN: The question I asked him, Your Honor, what the function of his evidence custodian was, who is Rachel Ollar, the one who receives the evidence at the Lab.

THE COURT: I suppose it's to preserve the evidence, isn't it?

THE WITNESS: Yes.

THE COURT: We will go ahead.

(Tr. Vol. II, p. 231.) In this instance, the Court simply asked a question to clarify the situation. A trial court has the broad discretion "to comment reasonably upon the evidence, being careful not to become an advocate for any of the parties." *United States v. Baker*, 638 F.2d 198, 203 (10th Cir.1980). This Court has reviewed the entire record and finds that the few interjections the trial court did have were made in a moderate and dispassionate manner. Furthermore, this Court notes that none of the statements about which Pearson now complains were objected to at trial. Therefore, this Court could only reverse the trial court if the statements constituted plain error. *United States v. Monaco*, 700 F.2d

577, 581 (10th Cir.1983). The Court is not persuaded that the sparse and temperate comments of the trial court amounted to plain error.

■ Finally, Pearson alleges that the trial court improperly limited his right to cross-examine the government's forensics expert. The court allowed extensive questioning of the witness concerning the methodology he employed in determining the substance at issue was cocaine. Only when counsel asked precisely how the printer of the infrared spectrometer worked did the court limit the cross-examination. The court has broad discretion to limit the cross-examination of an expert witness, and this Court will not reverse unless an abuse of discretion is shown. *United States v. Valentine*, 706 F.2d 282, 288 (10th Cir.1983). In this case, the trial court's restraint of cross-examination regarding extraneous matters was a proper exercise of discretion.

Simmons' first argument is that he was denied effective assistance of counsel, since the late appointment of counsel and the trial court's denial of a continuance deprived him of a fair trial. On November 4, 1984, the court permitted Simmons' retained counsel to withdraw for health reasons. The motion to withdraw represented to the court "that defendant has selected the services of other counsel...." (Tr. Vol. I, p. 24). On December 4, 1984, when the court realized that Simmons had failed to secure other counsel, the court appointed counsel to represent Simmons. On December 6, 1984, Simmons filed a motion for continuance of his trial. The court denied the continuance, and the trial was held on December 10 and 11, 1984.

■ Simmons contends that he was deprived of effective assistance of counsel because of inadequate time to prepare for trial. The thrust of Simmons' argument revolves around the denial of his motion for a continuance. "The decision to grant or deny a motion for continuance is committed to the sound discretion of the trial judge, and we may reverse only upon a showing of clear abuse of discretion resulting in manifest injustice." *United States v. Gonzales-Palma*, 645 F.2d 844, 846 (10th Cir.), *cert. denied*, 454 U.S. 861, 869, 102 S.Ct. 316, 335, 70 L.Ed.2d 159, 172 (1981). In this case, the late appointment of counsel resulted from Simmons' own failure to secure counsel, contrary to his earlier representations to the court.

More importantly, Simmons' ineffective assistance argument is premised solely on the amount of time between the appointment of counsel and the commencement of the trial. He makes no reference to the record to show any examples of inferior performance on the part of counsel, nor does he explain how the short amount of time affected his defense. The effectiveness of counsel cannot be ascertained solely by the amount of time afforded a defendant to prepare his defense. *See Goforth v. United States*, 314 F.2d 868 (10th Cir.1963). The United States Supreme Court has held that "the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Simmons has pointed to no facts indicating that his counsel failed to exercise the skill or judgment of a reasonably competent defense attorney.

■ Simmons also challenges the sufficiency of the evidence to sustain his conviction. Simmons' arguments virtually replicate those of Pearson; that there was inconsistent testimony by key witnesses and a lack of direct evidence connecting Simmons to a drug transaction. This Court delineated above the standards for reviewing the sufficiency of evidence. On two occasions, Pearson went to Simmons' residence to obtain cocaine and returned from his house with cocaine. During these transactions, Pearson referred to the person from whom he would obtain the cocaine as "Sam." Finally, a search of Simmons' residence uncovered a number of tools of the cocaine trade: weighing scales, "snow seal" containers, and a razor blade with a white powdery substance on it. The Court finds that sufficient credible evi-

dence was presented to sustain Simmons' conviction.

Simmons' last argument is that the trial court erred in denying his proposed instruction on the lesser included offense of simple possession. This Court recently held that possession of cocaine is not a lesser included offense of conspiracy to distribute cocaine. *United States v. Swingler*, 758 F.2d 477, 499 (10th Cir.1985). Moreover, there was a dearth of evidence to establish that Simmons was guilty of simple possession rather than conspiracy to distribute; therefore, such an instruction would not have been proper. *Beck v. Alabama*, 447 U.S. 625, 635, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980).

No reversible error has been shown. Accordingly, the convictions of both defendants are AFFIRMED.