82 F.3d 425
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CENTRON HOLDINGS, INC., a Colorado corporation, Plaintiff-Appellee,
v.
Isabel G. CLEARY, an individual,
Defendant-Counterclaimant-Third-Party-Plaintiff-Appellant,
v.
John M. CLIKEMAN, ESQ.; Harlan P. Pelz, Esq.; Kidneigh,
Hughes, Pelz, Leach and Clikeman, P.C.; Canton Oil
Corporation, a Delaware corporation; Centron Holdings,
Inc., a Delaware corporation, parent and successor in
interest to Centron Corporation, a Colorado corporation;
Centron Corporation, a Colorado corporation; Drakeman
Services, Ltd., a Liberian corporation; Clifford D.
Carpenter, President of Centron Corporation and President of
Centron Holdings Corporation; HUGHES, Clikeman and
Associates, P.C., Third-PartyDefendants-Appellees.
 No. 94-1503.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 In this collection action, plaintiff Centron Holdings, Inc. (CHI) seeks to recover sums due on a promissory note executed by defendant/counterclaimant/third-party-plaintiff/appellant Isabel G. Cleary. Ms. Cleary brings certain counterclaims against CHI and has instituted a third party complaint against the third-party-defendants/appellees. She now appeals from the district court's orders granting summary judgment to plaintiff on its complaint against her, dismissing the third-party-defendants, granting plaintiff judgment on the pleadings on her counterclaim, and granting plaintiff's motion for protective order and sanctions.
 
 
 2
 In her opening brief, Ms. Cleary raises eleven issues, which she states as follows:
 
 
 3
 [1.] Did the United States District Court for the State of Colorado, err in its minute Order of September 1, 1994 by setting the case for a one to two day trial to the Court commencing at 8:30 o'clock am, October 3, 1994 (Doc. 55, pg.8)?
 
 
 4
 ...
 
 
 5
 [2.] Did the United States District Court err when the Court ignored the Fact that Pelz, Clikeman Centron Corporation and Canton Oil Corporation, all properly served with summons and Third Party Complaints failed to respond to Interrogatories and Requests for Production of Documents propounded to these Defendants by Cleary within the mandatory time frames set forth in Rule 33, Federal Rules of Civil Procedure?
 
 
 6
 ...
 
 
 7
 [3.] Did the United States District Court, State of Colorado err in its recital of the FACTS (emphasis supplied) set forth on Page 2 of its Order and Memorandum of Decision dated September 21, 1994 (Doc. 67, pg.9) wherein the Court did not properly name, list or identify all parties then timely served with summons and Third Party Defendants so served had not complied with Rule 33 in a timely manner?
 
 
 8
 ...
 
 
 9
 [4.] Did the United States District Court for the State of Colorado err when the Court Granted Plaintiffs [sic] Motion for Protective Order and Sanctions?
 
 
 10
 ...
 
 
 11
 [5.] Did the United States District Court, State of Colorado err when it failed to rule on the status of Canton Oil Corporation in the Court room minutes dated September 1, 1994? (Doc. 55, pg.8)
 
 
 12
 ...
 
 
 13
 [6.] Did the United States District Court, State of Colorado err when the Court mischaracterized the relationship between Harlan P. Pelz, Esq. and Thomas L. Cleary in its Order and Memorandum of Decision dated September 21, 1994 (Doc. 67, pg.9) when the Court stated Harlan P. Pelz Esq. represented Thomas L. Cleary in Two State District Court Cases?
 
 
 14
 ...
 
 
 15
 [7.] Did the United States District Court, State of Colorado err when the Court found that Thomas L. Cleary's assignment to Centron Corporation was valid (Doc. 67, pg.9) without considering the right of Isabel G. Cleary to have independent counsel represent her as the Note Maker in the transfer, assignment or delivery of the Note to Centron Corporation?
 
 
 16
 ...
 
 
 17
 [8.] Did the United States District Court, State of Colorado, err when the Court concluded that Centron's assignment of the "Note" to CHI (Centron Holdings Inc.) was valid? (Doc. 67, pg.11)
 
 
 18
 ...
 
 
 19
 [9.] Did the United States District Court, State of Colorado, err, when the Court in reliance upon the sworn affidavit of Clifford C. Carpenter, President of CHI concluded that a true and correct copy of the "note", front and back, was attached to Centron Corporations [sic] motion for Summary Judgment as Exhibit 2? (Doc. 40, pg.7)
 
 
 20
 ...
 
 
 21
 [10.] Did the United States District Court, State of Colorado err when the Court granted Summary Judgement on the amended Complaint of CHI while the Third Party Complaint is still in the Discovery process and pending before the Court? (Doc. 34, pg.6)
 
 
 22
 ...
 
 
 23
 [11.] Did the United States District Court, State of Colorado, err when the Court granted Centron's motion for Summary Judgment Before Discovery was completed? (Doc. 67, pg.16)
 
 
 24
 Appellant's Opening Br. at 3-9.
 
 
 25
 In her reply brief to appellees Harlan P. Pelz, Esq., John M. Clikeman, Esq., and Hughes, Clikeman, & Associates, P.C., she states an additional issue, which we summarize as follows: The district court erroneously abbreviated the name of plaintiff Centron Holdings, Inc. as "Centron" in its order granting leave to "Centron" to amend its complaint. The parties had always used the abbreviation "CHI," not "Centron," to designate Centron Holdings, Inc. in their previous pleadings. The district court was confused and therefore did not properly grant CHI leave to amend its complaint.
 
 
 26
 "We review the sufficiency of a complaint de novo. We will uphold a dismissal under Fed.R.Civ.P. 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir.1995)(quotations omitted).
 
 
 27
 We review grant or denial of summary judgment de novo, applying the same legal standard used by the district court. Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 972 (10th Cir.1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 28
 It is the responsibility of the appellant to provide us those portions of the record pertinent to the issues she raises on appeal. See Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir.1992), 10th Cir. R. 10.1.1. We review the district court's grant of a protective order, Thomas v. IBM, 48 F.3d 478, 482 (10th Cir.1995), of sanctions for violation of a scheduling order, G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 825 (10th Cir.1990), and of denial of continuance of a trial date, United States v. Gutierrez, 48 F.3d 1134, 1138 (10th Cir.), cert. denied, 115 S.Ct. 2598 (1995), for abuse of discretion. No error or defect in any ruling or order is ground for vacating, modifying, or otherwise disturbing that judgment or order, unless refusal to do so would be inconsistent with substantial justice. Fed.R.Civ.P. 61.
 
 
 29
 We have carefully reviewed the briefs of the parties, the applicable law, and the record, applying the standards noted above. We conclude that Ms. Cleary has failed to demonstrate that the district court committed reversible error.
 
 
 30
 The judgment of the United States District Court for the District of Colorado is therefore AFFIRMED. Ms. Cleary's motion to supplement the record on appeal is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument