**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARRETT LERON FOX,

Defendant-Appellant.

No. 97-6000
(D.C. No. 96-CR-127)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL**, and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Garrett Fox challenges the sufficiency of the evidence presented

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

against him in his trial for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm his conviction.

When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence, and the reasonable inferences drawn therefrom, in the light most favorable to the government. *See United States v. Voss*, 82 F.3d 1521, 1524-25 (10th Cir.), *cert. denied*, 117 S. Ct. 226 (1996). We consider the evidence to be sufficient if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In other words, "[w]e reverse *only* if *no* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Wacker*, 72 F.3d 1453, 1462-63 (10th Cir. 1995) (emphasis added) (citing *United States v. Grimes*, 967 F.2d 1468, 1472 (10th Cir.), *cert. denied*, 506 U.S. 927 (1992)), *cert. denied*, 117 S. Ct. 136 (1996).

To obtain a conviction for possession of crack cocaine with intent to distribute under § 841(a)(1), the government must prove the defendant knowingly possessed the illegal substance with the intent to distribute. *United States v.*

*Simpson*, 94 F.3d 1373, 1379 (10th Cir.), *cert. denied*, 117 S. Ct. 411 (1996). Mr. Fox contests the sufficiency of the evidence only on the element of possession. The proof of that element is somewhat unusual in this case because the cocaine was actually found on the person of an alleged co-conspirator, Ms. Kentasha Holley.

The government can meet its burden on this issue by proving constructive, rather than actual, possession. *Simpson*, 94 F.3d at 1379. Constructive possession exists when a person "knowingly hold[s] the power and ability to exercise dominion and control over [the item]." *United States v. Culpepper*, 834 F.2d 879, 881 (10th Cir. 1987). With respect to illegal drugs, this court has defined constructive possession as an "appreciable ability to guide the destiny of the drug," and as "the ability to reduce an object to actual possession." *United States v. Massey*, 687 F.2d 1348, 1354 (10th Cir. 1982) (quoting other cases). Constructive possession may be proved by circumstantial, as well as direct, evidence. *See United States v. Ruiz-Castro*, 92 F.3d 1519, 1531 (10th Cir. 1996).

Contrary to Mr. Fox's argument, the evidence offered at trial by the government was more than sufficient to establish the requisite connection between the cocaine and him. From the evidence introduced at trial, the jury

could reasonably infer Mr. Fox and Ms. Holley were traveling together.[1]  Along

with this inference, the testimony of Mr. Fox's alleged co-conspirator, Ms.

Holley, provided sufficient evidence to meet the government's burden of proof on

the element of possession.[2]  Ms. Holley claimed Mr. Fox recruited her in Los

Angeles to carry the cocaine for him.  She stated he planned the trip and bought

the tickets.  In addition, she testified he had the drugs in his possession when they

met to leave on the trip, told her how to dress, brought the wet suit in which she

carried the cocaine, and packed the cocaine in the wet suit.  Lastly, she testified

that when the two arrived at Little Rock, she would give Mr. Fox the drugs and

return to California.  Viewed in the light most favorable to the government, this

testimony demonstrated Mr. Fox had the ability to guide the destiny of the

cocaine or to reduce it to actual possession, even though he did not actually

physically possess it.  *See Massey*, 687 F.2d at 1354 (finding sufficient evidence

to show constructive possession when drugs were transported in a vehicle other

---

[1]  In addition to testimony on this point by Ms. Holley and the officers, the government presented evidence demonstrating Mr. Fox's and Ms. Holley's bus tickets were purchased at the same time.  Mr. Fox argues this was a coincidence. Although it may have been, the jurors certainly could have reasonably considered it strong evidence the two were traveling together.

[2]  The uncorroborated testimony of an accomplice is sufficient to prove constructive possession of contraband.  *United States v. Downen*, 496 F.2d 314, 318 (10th Cir.), *cert. denied*, 419 U.S. 897 (1974).

than the one being driven by defendant).

Mr. Fox devotes considerable energy to highlighting the many inconsistencies in Ms. Holley's testimony.[3] However, this part of his brief reads more like a closing jury argument than an appellate argument. Mr. Fox should know re-evaluating the credibility of witnesses is an exercise in which we will not engage. "The Anglo-Saxon tradition of criminal justice, embodied in the United States Constitution and in federal statutes, makes jurors the judges of the credibility of testimony offered by witnesses." *United States v. Bailey*, 444 U.S. 394, 414 (1980). "Determining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'" *United States v. Scheffer*, ___ U.S. ___, 118 S. Ct. 1261, 1266 (1998) (quoting *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1891)). The Supreme Court has even gone so far as to describe making credibility determinations in criminal trials as the jury's core function.

---

[3] Mr. Fox also challenges the credibility of another witness, Mr. Rodrick Syrus. A discussion of these arguments is unnecessary because we find sufficient evidence to support Mr. Fox's conviction exists independent of Mr. Syrus' testimony. We will note, however, that the arguments lack merit for the same reasons those against Ms. Holley lack merit – we do not re-evaluate the credibility of witnesses.

*Scheffer*, 118 S. Ct. at 1266. For this reason, we will not make credibility determinations when we evaluate the sufficiency of the evidence. *United States v. Russell*, 109 F.3d 1503, 1506 (10th Cir.) (citing *United States v. Pearson*, 798 F.2d 385, 387 (10th Cir. 1986)), *cert. denied*, 117 S. Ct. 2525 (1997).

Apparently, the jury chose to believe Ms. Holley's testimony against Mr. Fox. The government presented sufficient evidence through her testimony to support Mr. Fox's conviction. We decline to evaluate her credibility or reweigh the evidence. *See Russell*, 109 F.3d at 1506. The judgment is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge