FILED
United States Court of Appeals
Tenth Circuit

February 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

OLOYEA D. WALLIN,

        Plaintiff - Appellant,

v.

CMI, KIM DEMPEWOLF, RYAN
BRADLEY, MARYE DEMING,
AARON, JASON COLLIDGE, SANDRA
CANNON-GRANT, CHARLES
ABBOTT, MONIQUE M. MARTEL,
R.N., F.N.P.,

        Defendants - Appellees.

No. 07-1144

(No. 03-cv-2319-WDM-MJW)

(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]
_____

This matter concerns Oloyea D. Wallin's appeal from the district court's sua

sponte dismissal of his 42 U.S.C. § 1983 complaint alleging that defendant Monique M.

Martel violated his Eighth Amendment rights by unnecessarily prescribing the drug

Antabuse while he was incarcerated. In *Wallin v. CMI*, 269 F. App'x 820 (10th Cir.

_____

[*]This order and judgment is not binding precedent except under the doctrines of
the law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

2008) ("*Wallin I*"), we fully resolved the issues Mr. Wallin raised in his appeal with respect to defendants CMI, Kim Dempewolf, Ryan Bradley, Marye Deming, Aaron, Jason Collidge, Sandra Cannon-Grant, and Charles Abbott. We stayed consideration of the appeal with respect to defendant Martel, however, because Ms. Martel filed a petition for bankruptcy during the pendency of the appeal. The United States Bankruptcy Court for the District of Colorado has now lifted the automatic stay with respect to this appeal. *See In re Monique M. Martel*, No. 07-25103-SBB, (Bankr. D. Colo. Dec. 16, 2008). We therefore lift the stay imposed in *Wallin I*, and resolve Mr. Wallin's appeal with respect to Ms. Martel. Because Mr. Wallin cannot show deliberate indifference to serious medical needs or unnecessary and wanton infliction of pain, we affirm the district court's dismissal of his claim.

## I. DISCUSSION

Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant. *Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003). "Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. P. 56(c). We review procedural rulings solely for an abuse of discretion. *See, e.g.*, *United States v. Gutierrez*, 48 F.3d 1134, 1138 (10th Cir. 1995). Because Mr. Wallin has proceeded pro se, we construe his pleadings and other papers liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

2

Cir. 1991).

Mr. Wallin's § 1983 complaint alleged that, while he was a resident of the Centennial Community Transition Center serving a sentence for menacing, Ms. Martel committed medical malpractice and violated his Eighth Amendment rights when she prescribed, unnecessarily, the drug Antabuse for him. As a result, he alleges that he suffered physical and emotional injuries.

As the magistrate judge implied, Mr. Wallin allegations appear to belie his claim: "'Antabuse is a medication that is given to residents [of the Centennial Community Transition Center] as a deterrent to individuals who have a current violent criminal history involving substance abuse and are at an increased level of risk.'" Rec. vol. III, doc. 297, at 12 (Mag. Judge's Recommendations filed Feb. 1, 2007) (quoting Amended Complaint). In addition, according to the record, Mr. Wallin's complaints of headache, fatigue, and dizziness appear to be commonly reported adverse side effects of taking Antabuse. *Id.* at 14-15.

"In order to state a cognizable claim [that he has been denied adequate medical treatment in violation of the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Wilson v. Seiter*, the Court clarified the Eighth Amendment's deliberate indifference standard under *Estelle*. 501 U.S. 294, 297 (1991). "[O]nly the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment." *Wilson*, 501 U.S. at 297 (emphasis in original). In *Farmer v. Brennan*, 511

3

U.S. 825 (1994), the Court reiterated and emphasized the subjective requirement for finding a constitutional violation. *Id.* at 837 (requiring conscious disregard of a known, "excessive" risk to inmate health or safety to establish deliberate indifference).

The magistrate judge recommended that the district court (1) decline to exercise supplemental jurisdiction over the state law claims against Ms. Martel, and (2) dismiss the state law claims without prejudice. The magistrate judge appeared to read the complaint against Ms. Martel to include only a state law claim of medical malpractice. We agree with the district court that Mr. Wallin also purports to have asserted his Eighth Amendment claim against all defendants, including Ms. Martel. The district court concluded that "sua sponte dismissal [was] appropriate" as to Ms. Martel, because "it is clear that [Mr.] Wallin can not prevail on this claim against . . . [Ms.] Martel." Rec. vol. III, doc. 318, at 7.

We have carefully reviewed the appellate briefs, the magistrate judge's recommendation, the district court's disposition, and the record on appeal. We have conducted a de novo review of the district court's dismissal of Mr. Wallin's complaint against Ms. Martel, and, for substantially the same reasons set forth by the magistrate judge in his recommendation, and the district court in its order, we AFFIRM the district court's dismissal of Mr. Wallin's § 1983 complaint. We agree with the district court's conclusion that Mr. Wallin cannot prevail on the facts he has alleged because he has failed to demonstrate that Ms. Martel's prescription of Antabuse approached deliberate indifference to his medical needs.

## II. CONCLUSION

Accordingly, we affirm the district court's dismissal of Mr. Wallin's complaint against Ms. Martel.


Entered for the Court,


Robert H. Henry
United States Circuit Judge